NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
PABLO M. ESPINOSA, et al.,          :
                                    :   Civil Action No. 12-5356 (SDW)
        Plaintiffs,                 :
                                    :
    v.                              :
                                    :   **OPINION**
FORNOS RESTAURANT, INC., et al.,    :
                                    :   October 3, 2014
        Defendants.                 :
_____:

**WIGENTON,** District Judge.

### I. INTRODUCTION

This matter comes before the Court on the motion of Plaintiffs Pablo M. Espinosa, Paulo Henrique de Oliveira, and Oscar Guillermo Sarmiento (collectively "Plaintiffs") to Vacate the Court's October 22, 2013 Order of Dismissal pursuant to Federal Rule of Civil Procedure 60(b) and of Defendants Fornos Restaurant, Inc. ("Fornos"), Dario Lopez, Camilo Rodriguez, and Fernando Lois's (collectively "Defendants") Cross-motion to Enforce the Settlement. The Court considered the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' Motion to Vacate is **GRANTED** and Defendants' Cross-motion to Enforce the Settlement is **DENIED.**

### II. BACKGROUND

On August 24, 2012, Plaintiffs brought suit against Defendants for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"). *See* Compl., Dkt. No. 1 ¶ 6. The parties appeared for a settlement conference before Magistrate Judge Madeline Cox Arleo

1

on October 16, 2013. *See* Dkt. No. 23. After the conference, it was reported to this Court that the matter had settled, and the Court, on October 22, 2013, ordered that:

> [T]his action is hereby dismissed without prejudice and without costs, subject to the right of the parties upon good cause shown within 60 days, to reopen the action if the settlement is not consummated. The terms of the settlement agreement are incorporated herein by reference and the Court shall retain jurisdiction over the settlement agreement to enforce its terms.

Order, Dkt. No. 24.

As set forth in greater detail below, while the parties reached an agreement at the October 16, 2013 settlement conference as to the settlement amount ($130,000) and confidentiality, a dispute later arose as to the penalty for any breach of the confidentiality provision. Defendants insist that the parties agreed that if a single Plaintiff violated confidentiality, all three Plaintiffs would forfeit all of their settlement monies – even if the disclosure occurred before the settlement agreement was signed. Plaintiffs contend no such agreement as to forfeiture was reached.

Over 60 days after this Court entered its October 22 Order, Plaintiffs' counsel, Wendy Hernandez, filed a letter requesting that this Court reopen the matter. *See* Plaintiffs' February 21, 2014, Letter, Dkt. No. 25. Defendants opposed this request. *See* Defendants' February 21, 2014, Letter, Dkt. No. 26. After the parties filed several additional letters regarding this dispute, the parties twice appeared before Judge Arleo for supplemental settlement conferences. *See* Dkt. Nos. 27-32. After it became clear the parties could not resolve the issue, Plaintiffs filed the instant motion to vacate the Court's October 22, 2013 Order pursuant to Fed. R. Civ. P. 60(b)(1) for "excusable neglect" and Fed. R. Civ. P. 60(b)(6) for "any other reason that justifies relief."[1] *See*

---

[1] As this Court finds Plaintiffs have demonstrated excusable neglect, it need not reach Plaintiffs' Rule 60(b)(6) arguments.

2

Dkt. No. 33. Defendants opposed the motion and also cross-moved to enforce the settlement terms the parties allegedly agreed to at the October 16, 2013 conference. *See* Dkt. No. 34.

### III.   PLAINTIFFS' MOTION TO VACATE

#### A. Fed. R. Civ. P. 60(b) Governs Plaintiffs' Motion

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Generally, a motion brought pursuant to Rule 60(b) must be made within a "reasonable time" and if the movant seeks relief under subsections (1), (2), or (3), such motion must be brought within a year. Fed. R. Civ. P. 60(c).

Defendants argue that this Court lacks jurisdiction to reopen this matter and Rule 60(b) does not govern Plaintiffs' motion. This Court disagrees.

In an analogous case, the Third Circuit reviewed a district court's decision to reopen a "settled" case pursuant to Rule 60(b)(1). *See Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P.*, 121 F. App'x 971 (3d Cir. 2005). There, Kohl's and Levco engaged in mediation and reached

3

an agreement in principle as to settlement.  (*Id.* at 972.)  While Kohl's and Levco knew the settlement required certain third party approvals, the parties nonetheless requested, on June 4, that the court enter an order dismissing the matter.  (*Id.* at 973.)  The district court, on June 5, entered an order dismissing the case with prejudice, while providing the parties 30 days to reopen the case to enforce the settlement's terms.  (*Id.*)  The parties were unable to obtain the required third party approval and Kohl's wrote to the court on September 15 (well after the thirty-day period set on June 5th expired), requesting that the matter be reopened.  (*Id.*)

In adjudicating Kohl's motion to vacate, the district court applied Rule 60(b)(1) and analyzed the four factors outlined by the Supreme Court in *Pioneer Invs. Servs. v. Brunswick Assocs.*: (1) the danger of prejudice to the non-movant; (2) the length of delay; (3) the potential impact on judicial proceedings; and (4) the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith.  (*Id.* at 973-94 (citing *Pioneer*, 507 U.S. 380 (1993)).

While the Third Circuit found that the district court failed to consider one *Pioneer* factor in its analysis, the Third Circuit did not question the district court's determination that Rule 60(b)(1) applied to Kohl's motion, even though the motion was filed after the thirty-day period set forth in the district court's order.  (*Id.*); *see also Elder v. Metro. Freight Carriers, Inc.*, 543 F.2d 513, 517-518 (3d Cir. 1976) (rejecting appellant's contention that the district court could not, under Rule 60, vacate an order of dismissal that stated the case could be reopened within sixty days if settlement was not consummated).

Here, too, this Court concludes that it has jurisdiction to adjudicate Plaintiffs' motion and that Plaintiffs may seek relief through Rule 60(b).

4

### B. Plaintiffs Have Demonstrated Excusable Neglect

"The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271 (3d Cir. 2002) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). A Court is afforded wide discretion in weighing the factors for and against the application of Rule 60(b) and its decision will only be disturbed on appeal if it amounts to an abuse of discretion. *Amhed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002).

Here, Plaintiffs seek relief from this Court's October 22, 2013 Order pursuant to subsections (1) and (6) of Rule 60(b). *See* Pls. Br., Dkt. No. 35, at 4. Because it was brought within a year, this application is timely filed. *See* Fed. R. Civ. P. 60(c).

This Court first considers whether, under Rule 60(b)(1), Plaintiffs have demonstrated "excusable neglect." In adjudicating the motion, the totality of circumstances must be weighed, including: (1) the danger of prejudice to the non-movant; (2) the length of delay; (3) the potential impact on judicial proceedings; and (4) the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith. *Kohl's*, 121 F. App'x at 974. The Third Circuit has imposed a "duty of explanation" on district courts adjudicating such motions. *See In re Cendant Corp. Prides Litig.*, 234 F.3d 166, 171 (3d Cir. 2000). Here, the totality of circumstances weighs in favor of vacating the October 22, 2013 Order.

#### 1. Danger of Prejudice to the Non-Movant

Here, Defendants will suffer no prejudice if this matter is reopened. As explained below, Plaintiffs and Defendants did not reach a meeting of the minds as to all essential settlement terms on October 16, 2013. Furthermore, even if the parties did reach an agreement in principle on

5

October 16, 2013, Defendants have not actually made any payment to Plaintiffs.  Additionally, no party has suggested that reopening this matter would permit time-barred claims to proceed, that evidence was lost, or that reopening the case will increase the potential for fraud or collusion.  *See Griffin v. United States*, No. 12-6137, 2013 WL 5676206, at *4 (D.N.J. Oct. 17, 2013) ("The Third Circuit has held that under Rule 60(b), there is no prejudice absent loss of available evidence or 'increased potential for fraud or collusion.'") (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)); *Murray v. Walgreen Co.*, No. 10-3333, 2011 WL 4089588, at *2 (D.N.J. Aug. 24, 2011); *Sander Sales Enters. v. Saks, Inc.*, No. 01-4794, 2006 WL 166500, at *3 (D.N.J. Jan. 20, 2006).

　　　　2. *Length of Delay*

Subsequent to the issuance of the October 22, 2013 Order, Plaintiffs first notified this Court of the parties' inability to consummate the settlement on February 21, 2014.  While a four-month delay is certainly significant, two undisputed facts exist: (1) Defendants stipulate that the Court may assume that Mr. Weisbrot, Defendants' counsel, did not send the proposed settlement agreement to Ms. Hernandez until December 2, 2013; and (2) during the entire four-month period, Ms. Hernandez was dealing with medical issues relating to the premature birth of her son and his extended hospitalization.  See Defendants' February 21, 2014 Letter, Dkt. No. 26, at 1; Declaration of Wendy Hernandez in Support of Motion to Vacate Order of Dismissal ("Hernandez Decl."), Dkt. No. 33-1 ¶ 18; Declaration of N. Ari Weisbrot in Opposition to Plaintiffs' Motion to Vacate Order of Dismissal and in Support of Defendants' Cross-Motion to Enforce Settlement Agreement, Dkt. No. 34-1 ("Weisbrot Decl.") ¶ 22 ("For the purposes of this application, the Court may assume [the draft settlement agreement] was sent December 2, 2013").

Under less compelling facts, motions to vacate have been granted when the initial application to vacate was filed months after the final order was entered. *See O'Brien*, 188 F.3d at 130; *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 739 (5th Cir. 1995); *Griffin*, 2013 WL 5676206, at *3.

Based upon the specific facts of this case, the length of delay is neutral as to Plaintiffs' application. *See Griffin*, 2013 WL 5676206, at *3.

### 3.  Potential Impact on Judicial Proceedings

Reopening any closed case will obviously have some impact on judicial proceedings and judicial resources. Here, however, there is no evidence that reopening this matter will have a particularly significant impact. Therefore, this factor weighs in favor of finding Plaintiffs have shown excusable neglect. *See Griffin*, 2013 WL 5676206, at *3.

### 4.  Reasons for the Delay & Good Faith

When determining the reasons for delay, the conduct of both parties must be considered. *See In re Cendant*, 234 F.3d at 173.

On October 16, 2013, the parties attended a settlement conference and appeared to reach a settlement. The parties, however, did not reduce their agreement to writing or put its terms on the record. Three days later, Ms. Hernandez was rushed to the hospital for an emergency caesarian section, which resulted in her giving birth to a one pound, two ounce baby boy who was hospitalized in New York for several months. Hernandez Decl., Dkt. No. 33-1 ¶ 12. The complications resulting from her son's birth obviously undercut Ms. Hernandez's ability to practice law for a significant time. (*Id.* ¶ 13.)

Despite the obvious time Ms. Hernandez needed to spend with her son and his medical providers, she nonetheless sent a revised settlement agreement to Mr. Weisbrot on February 21,

2014. (*Id.* ¶ 22.) After Mr. Weisbrot rejected her proposal, Ms. Hernandez promptly notified the Court and requested that the matter be reopened. (*Id.* ¶ 23.)

The parties again met with Judge Arleo in an attempt to resolve this issue. During this time, the parties continued to negotiate settlement terms and, particularly, the penalty provision in the event of a breach of the confidentiality provision. *See* March 20, 2014 emails from Weisbrot to Hernandez, attached to Pls. Reply Br., Dkt. No. 36-1.

This Court finds the primary cause of Plaintiffs' delay was an unforeseen medical crisis, which greatly reduced Ms. Hernandez's ability to practice law for several months. Additionally, at least some of Plaintiffs' delay may be attributed to Defendants' offer to permit Plaintiffs additional time to review the proposed settlement agreement's terms. *See* December 2, 2013, email from Weisbrot to Hernandez, attached as Ex. C to Weisbrot Decl., Dkt. No. 34-2.

Turning to whether Plaintiffs acted in good faith, this Court recognizes, "a party acts in good faith where it acts with 'reasonable haste to investigate the problem and to take available steps toward remedy.'" *Kohl's*, 121 F. App'x at 976 (quoting *In re Cendant Corp.*, 235 F.3d at 184). Here, Ms. Hernandez's law partner, Michael Paulonis, was in contact with Mr. Weisbrot throughout this period. In fact, Mr. Paulonis contacted Mr. Weisbrot on November 11, 2013, and specifically asked whether there were any pending deadlines in any of Ms. Hernandez's cases. *See* November 11, 2013, email from Paulonis to Weisbrot, attached as Ex. B to Hernandez Decl., Dkt. No. 33-1. If Mr. Weisbrot had a draft settlement agreement prepared on November 11, 2013, he certainly could have forwarded it to Mr. Paulonis at that time. When Ms. Hernandez returned to work in early December, she promptly contacted Mr. Weisbrot regarding this matter. *See*

Hernandez Decl., Dkt. No. 33-1 ¶ 18.[2] While Ms. Hernandez did not send revised terms to Mr. Weisbrot until February 2014, this delay was again caused by her son's medical issues. (*Id.* at ¶¶ 20, 22.) This Court is satisfied that Plaintiffs and Plaintiffs' counsel acted in good faith.

Based upon the foregoing, this factor supports a finding of excusable neglect.

### 5. *Balancing All Relevant Factors*

The totality of the circumstances surrounding Plaintiffs' motion to vacate, including, but not limited to, the four *Pioneer* factors has been considered. As a result, this Court concludes that Plaintiffs have shown excusable neglect and, therefore, Plaintiffs' motion is **GRANTED**.[3]

## IV. DEFENDANTS' MOTION TO ENFORCE

Defendants seek to enforce the terms of the parties' October 16, 2013 settlement agreement. Defendants assert the parties reached an agreement on the following terms: (1) Defendants' payment of $130,000 to be divided between the three Plaintiffs and Plaintiffs' counsel; (2) a confidentiality provision; (3) a penalty provision in which all Plaintiffs would forfeit all settlement monies in the event one Plaintiff breached the confidentiality provision; and (4) a mutual release. *See* Weisbrot Decl., Dkt. No. 34-1 ¶ 16. Before the settlement agreement was signed, Defendants contend one Plaintiff disclosed the settlement's terms to his roommate, another

---

[2] Mr. Weisbrot relies upon Ms. Hernandez's December 2, 2013, email to prove Ms. Hernandez "was undisputedly back to work" as of that date. *See* Weisbrot Decl., Dkt. No. 34-1 ¶ 4. This is a mischaracterization of Ms. Hernandez's email. In this correspondence, Ms. Hernandez actually advises that her son "is still in the NICU so I've been going back and forth to the hospital everyday. I am back to work part-time. How is your mom doing?" *See* December 2, 2013, email from Hernandez to Weisbrot, attached as Ex. C to Weisbrot Decl., Dkt. No. 34-2.

[3] Because the Court finds excusable neglect under Rule 60(b)(1), it need not reach Plaintiffs' Rule 60(b)(6) arguments.

Fornos employee. As such, Defendants argue that the parties' oral settlement should be enforced and all settlement payments should be forfeited by all Plaintiffs. This Court disagrees.

At the outset, this Court rejects Mr. Weisbrot's argument that the confidentiality provision and the forfeiture provision were, in fact, one term/condition. *See, e.g., id.* at ¶¶ 16, 18-20. The draft settlement agreement sent by Mr. Weisbrot to Ms. Hernandez divides the confidentiality obligation and penalty provision into two separate sections. *See* Draft Settlement Agreement, attached as Ex. D. to Weisbrot Decl., Dkt. No. 34-2. Ms. Hernandez does not dispute that the parties agreed to keep the settlement confidential; she only disputes that she agreed to an absurd forfeiture provision. See Weisbrot Decl., Dkt. No. 34-1 ¶ 26. Based upon the Court's careful consideration of the record, this Court concludes that Defendants have failed to demonstrate there was a meeting of the minds as to the forfeiture provision on October 16, 2013.

There is no evidence before this Court that clearly demonstrates that Plaintiffs or Ms. Hernandez agreed to the forfeiture provision. Defense counsel's brief points to none.[4] The settlement was not placed on the record. Mr. Weisbrot does not state that he discussed this provision at any time with Ms. Hernandez and that she agreed to his forfeiture provision– that if even one Plaintiff disclosed, the other two would forfeit the amount, even before the agreement was signed. Ms. Hernandez denies that she or her clients ever agreed to the forfeiture provision.

---

[4] The parties vigorously dispute the weight that should be given to the two affidavits of Sergio Clemente, a former Fornos employee. *See* Declaration of Sergio Clemente, attached as Ex. E to Weisbrot Decl., Dkt. No. 34-2; Declaration of Sergio Clemente, attached as Ex. F to Weisbrot Decl., Dkt. No. 34-2. Even if the Court accepts as true Mr. Clemente's assertion that one Plaintiff told Mr. Clemente that the matter had settled, the settlement contained a confidentiality provision, and he would personally forfeit all future settlement payments for violating the confidentiality provision, these statements do not support Defendants' contention that the parties agreed that if one Plaintiff violated the confidentiality provision, all Plaintiffs would forfeit all payments.

10

On this basis alone, defendants have failed to meet their burden that the settlement provision with this oppressive forfeiture provision should be enforced.

It also bears noting that continuing up through the second supplemental settlement conference, the parties continued to negotiate this alleged non-negotiable forfeiture provision. See March 20, 2014 emails from Weisbrot to Hernandez, attached to Pls. Reply Br., Dkt. No. 36-1. Defendants cannot have it both ways. They cannot argue the complete forfeiture provision was non-negotiable and a prerequisite to settlement and then attempt to negotiate a settlement agreement with a fundamentally different, and less draconian forfeiture provision. They cannot use the forfeiture provision as a basis to renegotiate other agreed to terms of the settlement, such as the settlement amount.

Because the parties failed to reach any agreement as to the forfeiture provision, which Defendants contend was the settlement's most essential term, the Court concludes there was no meeting of the minds as to all material terms, and, therefore, there is no settlement agreement to be enforced. *See Friedman v. Tappan Dev. Corp.*, 22 N.J. 523, 533 (1956); *Int'l Ass'n of Machinists and Aerospace Workers v. Werner-Masuda*, No. L-537-05, 2012 WL 6115720, at *11 (N.J. App. Div. Dec. 11, 2012); *Kuo v. Kuo*, No. C-118-09, 2012 WL 4052035, at *2 (N.J. App. Div. Sept. 17, 2012).

Based upon the foregoing, Defendants' motion is denied.

### V. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Vacate is **GRANTED** and Defendants' Cross-motion to Enforce the Settlement is **DENIED**.

*/s Susan D. Wigenton*_____
**United States District Judge**

Orig:  Clerk
cc:    Parties
       Hon. Madeline Cox Arleo